IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BIRKHEAD,<br><br>      Plaintiff,<br><br>  v.<br><br>OLIVER PARKER, an individual; MICROSOFT CORPORATION, Washington Corporation, DOES 1 through 4, inclusive,<br><br>      Defendants.<br>_____/ | No. C 12-2264 CW<br><br>ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S RESPONSE AND REQUEST FOR REMAND and VACATING AUGUST 2, 2012 HEARING |

    This action arises from an employment dispute.  Plaintiff Mark Birkhead originally filed suit in state court.  He alleged causes of action for intentional interference with an economic relationship, negligence, as well as intentional and negligent infliction of emotional distress.  Defendants Microsoft Corporation, Inc. and Oliver Parker removed the action on diversity grounds, stating in their notice that Plaintiff named Parker, who is domiciled in California, as a sham defendant.  In their notice of removal, Defendants argued in detail that the allegations against Parker failed to state any viable claim.

Defendants then filed a motion to dismiss the complaint for failure to state a cognizable claim.

Plaintiff submitted a response, arguing that the Court may not consider the motion to dismiss because the case was improperly removed.  Plaintiff does not address the specific deficiencies asserted by Defendants, but, instead, contends that he lacked the legal knowledge and incentive to fabricate Parker as a sham defendant.  In addition, Plaintiff requests leave to amend his complaint to address deficiencies asserted by Defendant.

The August 2, 2012 hearing on Defendants' motion to dismiss is vacated and the case management conference scheduled for the same day is continued to September 5, 2012 at 2:00 pm.  Although Plaintiff's submission at Docket No. 24 is captioned as a motion to dismiss Defendants' claims, the Court deems the filing as Plaintiff's opposition to Defendants' motion to dismiss, as well a motion to remand.  The Court will consider Defendants' arguments in their removal notice that Parker is a sham defendant as their response to Plaintiff's motion to remand.  However, Defendants may submit a single reply brief within seven days, if there are any further points that they would like to make regarding Plaintiff's opposition to their motion to dismiss and his request to remand the case.  The motions are taken under submission on the papers and the Court will schedule a hearing if necessary.

IT IS SO ORDERED.

Dated:                                   CLAUDIA WILKEN
                                         United States District Judge

2