IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BIRKHEAD,<br><br>    Plaintiff,<br><br>  v.<br><br>OLIVER PARKER; MICROSOFT CORPORATION; DOES 1-4, INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C 12-2264 CW<br><br>ORDER REMANDING ACTION TO SUPERIOR COURT FOR THE COUNTY OF SAN FRANCISCO AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |

    Plaintiff Mark Birkhead, appearing pro se, brought this employment action in San Francisco County Superior Court against Defendants Oliver Parker and Microsoft Corporation.  Defendants removed the action to this Court on the basis of diversity jurisdiction and filed a motion to dismiss and strike Plaintiff's claims.  In opposition to the motion to dismiss, Plaintiff requested that the Court remand the case to state court on the ground of improper removal.  Docket No. 10.  Having considered the parties' submissions and the relevant legal authority, the Court grants Plaintiff's motion to remand.

BACKGROUND

    According to the allegations of the complaint, Plaintiff entered into an at-will employment contract with Defendant Microsoft Corporation on June 7, 2010.  Compl. ¶ 8.  In November 2010, Microsoft transferred Plaintiff to a position under the direct supervision of Defendant Oliver Parker who was a Level 65 Manager - Director of High-Tech Sales for Microsoft.  Compl. ¶¶ 9, 10.  Between April 2010 and August 2010, Plaintiff filed numerous

complaints with Microsoft's Human Resources department about Parker's conduct and performance as a Level 65 manager, in particular, that Parker was falsifying Plaintiff's performance progress and conduct reports.  Compl. ¶¶ 12, 16, 17.  Microsoft's Human Resources representative failed to take any action with regard to Plaintiff's complaints.  Compl. ¶¶ 15, 20, 24.

Between June 2010 and August 2010, Parker allegedly threatened to have Plaintiff terminated by reporting to management that Plaintiff was failing to achieve stated performance requirements and by forcing Plaintiff to participate in performance programs used only for the lowest level of underperforming managers at Microsoft, in a series of punishments designed to inflict emotional distress on Plaintiff.  Compl ¶¶ 21-23.  In August 2011, Plaintiff filed complaints about Parker with Microsoft's Vice President of Sales for the Northwestern District who refused to intervene in the matter.  Compl. ¶¶ 25-27.  On September 13, 2011, Parker informed Plaintiff that his employment with Microsoft was terminated due to substandard job performance. Compl. ¶ 11.

Plaintiff brings the following claims: (1) against Parker for intentional interference with an economic relationship; (2) against Microsoft for negligence; (3) against Microsoft and Parker for intentional infliction of emotional distress; and (4) against Microsoft and Parker for negligent infliction of emotional distress.

Defendants removed this action from state court on May 4, 2012, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Microsoft is incorporated in the state of Washington

with its principal place of business in the state of Washington. Compl. ¶ 3. Defendants do not dispute for purposes of this motion that Parker is a citizen of California. Reply at 1 n.1. Defendants contend, however, that Parker is a sham defendant whose citizenship must be disregarded for removal purposes. Notice of Removal ¶ 6. Defendants filed a motion to dismiss the complaint for failure to state a claim.

Plaintiff filed a response styled as "Motion by Plaintiff to Dismiss Defendant's Claims to Dismiss." Docket No. 24. The Court construed Plaintiff's filing as an opposition to Defendants' motion to dismiss as well as a motion to remand, and instructed Defendants to address Plaintiff's request to remand the case. Docket No. 26. Defendants filed a reply brief and response to the motion to remand on August 1, 2012. Plaintiff filed a separate "Remand Motion and Opposition to Defendants['] Notice of Removal" and "First Amended Opposition to Defendants['] Motion to Dismiss and Strike" on August 14, 2012. Plaintiff did not obtain leave of Court to file this supplemental document, which is hereby stricken. Docket No. 36.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."

3

Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. The defendant need only demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However, there is a presumption against finding fraudulent joinder and defendants who assert it have a heavy burden of persuasion. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

4

DISCUSSION

Plaintiff challenges the Court's jurisdiction over this action because it lacks diversity of citizenship. Defendants assert that Parker is a sham defendant and that removal based on diversity jurisdiction was proper. Defendants fail to demonstrate, however, that there is no possibility that Plaintiff will be able to establish a cause of action against Parker in state court.

Defendants have sufficiently demonstrated that Plaintiff cannot state a claim for intentional interference with an economic relationship against Parker, his former supervisor, because "corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." Kacludis v. GTE Sprint Communications Corp., 806 F. Supp. 866, 872-73 (N.D. Cal. 1992).

Defendants further demonstrate that Plaintiff lacks any viable cause of action against Parker for negligent infliction of emotional distress because employment-related negligence torts are preempted by California's workers' compensation laws, which generally provide the exclusive remedy when fellow employees, while acting within the scope of employment, cause a plaintiff injury. Defendants contend that Plaintiff's negligence claims against both Microsoft and Parker are based on allegations of events arising from Plaintiff's employment and are therefore also preempted by the exclusive remedy of the California Worker's Compensation system. Mot. at 7. See Cal. Labor Code §§ 3600, 3602. Plaintiff does not dispute that the claim against Parker for negligent infliction of emotional distress is preempted by the

workers' compensation laws and Defendants have sufficiently demonstrated that, under state law, such a claim cannot be proved against Parker.

Defendants do not contend that Plaintiff's claim of intentional infliction of emotional distress is preempted by the workers' compensation laws but argue that the complaint fails to allege conduct that is "extreme and outrageous" to support such a claim. Mot. at 3. To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. Cole v. Fair Oaks Fire Prot. Dist., 43 Cal.3d 148, 155 n.7 (1987). In the case at hand, Plaintiff alleges that Parker intentionally subjected Plaintiff to false employee performance reports and false allegations of professional misconduct "done for the purpose of causing plaintiff to suffer humiliation and mental anguish." Compl. ¶ 35. Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against Parker under California law. See Dickinson v. Allstate Insurance Co., 2010 WL 366583 (C.D. Cal.) (granting motion to remand where corporate defendants did not show that the plaintiff could not amend his complaint to state a claim against supervisor for harassment under the FEHA and failed to meet their burden of showing that supervisor was a fraudulently joined defendant).

6

The defendant seeking removal based on fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant, but must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.  See <u>Vincent v. First Republic Bank Inc.</u>, 2010 WL 1980223, *4-5 (N.D. Cal.) (Alsup, J.) (remanding action where, even though complaint may have fallen short of alleging outrageous conduct to support a claim for intentional infliction of emotional distress, the court could not conclude that plaintiff had absolutely no possibility of stating a claim, if permitted the opportunity to amend); <u>Burris v. AT & T Wireless, Inc.</u>, 2006 WL 2038040, *1-2 (N.D. Cal.) (White, J.) (granting motion to remand where complaint did not allege extreme or outrageous conduct by former supervisor but defendant failed to demonstrate that plaintiff would not be afforded leave to amend complaint to cure the purported deficiency).  See also <u>Nickelberry v. DaimlerChrysler Corp.</u>, 2006 WL 997391, *1-2 (N.D. Cal.) (Chesney, J.) (granting motion to remand where defendant failed to show that under settled state law it was obvious that the plaintiff could not prevail against the non-diverse defendant).

Under the applicable standard to determine whether a defendant has been fraudulently joined, that is, whether there is any possibility that Plaintiff could allege a viable claim against the non-diverse defendant, Defendants have failed to show that Plaintiff would not be afforded leave to amend the complaint to cure the insufficient allegations of extreme or outrageous conduct to support a claim of intentional infliction of emotional distress

7

against Parker.  Given Defendants' heavy burden of persuasion and the presumption against finding fraudulent joinder, Defendants have not demonstrated that Parker is a fraudulently joined defendant.  Plaintiff's motion to remand is therefore granted.  Because this action will be remanded to San Francisco County Superior Court, Defendants' motion to dismiss is denied as moot.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED (Docket No. 24).  Because the case will be remanded, Defendants' motion to dismiss is DENIED as moot.

The Clerk shall remand this action to San Francisco County Superior Court and close the file.


IT IS SO ORDERED.


Dated: 10/15/2012

CLAUDIA WILKEN
United States District Judge